# BURKE SUPERIOR COURT,

MAY TERM, 1842.

——————

## IN EQUITY.

ROBERT E. WIMBERLY vs. HENRY P. JONES.

*Bill for Discovery and Relief.*

1. An infant may disaffirm a deed made during his minority, after he arrives at full age, by executing another conveyance.

2. A person may affirm a conveyance or contract made by him during his infancy, by doing any act which tends to confirm it.

The bill above stated was filed to set aside a deed, made by the complainant, *Wimberly*, to the defendant, *Jones*, for a tract of land in Burke county, made during the infancy of *Wimberly ;* and after *Wimberly* arrived at full age, he conveyed the same land, by deed, to one *Abraham Jones*, and then brought this bill to set aside the first deed, and upon the trial before the Jury, the Court charged the Jury, that the plea of infancy being a personal privilege, and *Wimberly*, after arriving at full age, having conveyed all his interest in the land to *A. Jones*, and *A. Jones* having been made a party to this suit by cross bill, that *A. Jones*, to whom the land had been conveyed, could not set up the infancy of *Wimberly* to defeat the deed to *Henry P. Jones*, as this was a personal privilege in *Wimberly* alone, and that only so long as he claimed title to the land: and upon the trial before the Special Juries, in both trials, they found for the defendant.

A motion was made for a new trial, upon the ground of misdirection of the Court: alleging, that the complainant had a right to file his bill, and set aside the deed made during his minority, and by such bill shew his dissent to the deed, and have the same set aside.

The Court has examined the cases cited by complainant's coun-

sel, and finds the following to be the rules laid down, as to infants setting aside, or disaffirming their acts, made during infancy : First, where an infant makes a deed, he may, at any time after his arriving at full age, dissent to that contract : and this may be done, by making a conveyance of the same property to another person, provided he do this, before the statute of limitations will give the party holding the first deed, a statutory title. But if the party, after arriving at full age, shall do any act, in affirmance of the deed or contract, then, the first deed will be a valid one : as, where a lease made under age, and after majority, the infant continues to receive the rent reserved, or does some act (after a knowledge of his rights of disaffirmance) which will amount to a confirmation of the deed or contract, he will be bound by his act during infancy ; but such act must be done with a view to such affirmance, and not a mere equivocal act, which may or may not be construed into an affirmance of the deed or contract—the intent to affirm must be clearly with that view.

And farther, that after an infant has done an act after he comes of age, which amounts to a disaffirmance, as making a second deed for the same land, such person may set up such act of disaffirmance to support the second conveyance made after he comes of age.— The Court decides, that it *did* commit an error in charging the Jury, that *Wimberly* could not set aside the deed, after he had conveyed the land to another person ; and that the Court ought to have charged the Jury, that the making of the second deed after *Wimberly* arrived at full age, did amount to a disaffirmance of the deed made to *H. P. Jones*, the defendant ; and therefore, had a right to a decree setting said deed aside. A new trial is therefore ordered, before another special Jury. Authorities cited, 14th *Johnson's* R. 124. 11 *Johns.* R. 539. 3 *Barrow* 1804.

George W. Crawford, for Complainant.
A. B. Longstreet and Flournoy, for Defendant.

JOHN SHLY, Judge
*Superior Courts, Middle District, Georgia.*